IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| JERRY GRAY, SR., | ) | C.A. No. 0:09-cv-00007-CMC |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | ON MOTION FOR |
| vs. | ) | RECONSIDERATION OR TO |
| | ) | ENFORCE FORUM PROVISION |
| CAROLINA ENERGY SOLUTIONS, LLC, | ) | |
| also d/b/a WEC Carolina Energy Solutions, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for reconsideration or alternatively to enforce a settlement agreement's choice of law and forum provisions. For the reasons set forth below, the court declines to modify its ruling on Defendant's motion for summary judgment but grants the alternative requested relief. The matter is, therefore, transferred to the United States District Court for the District of Arizona.

## BACKGROUND

Plaintiff, Jerry Gray, Sr. ("Gray"), initiated this action against Carolina Energy Solutions, LLC, also d/b/a WEC Carolina Energy Solutions ("CES"), alleging a single claim for breach of contract of employment. Dkt. No. 1 (original complaint); Dkt. No. 6 (amended complaint). Although the contract allegedly breached was solely between Gray and CES, he referred in both his initial and amended complaints to a separate Settlement Agreement ("Settlement Agreement") which he and other former employees of PCI Energy Services, LLC ("PCI") entered with PCI and Westinghouse Electric Company, LLC ("Westinghouse"). Dkt. No. 6 ¶¶ 15, 16. The term "PCI" is defined in the Settlement Agreement to include all Westinghouse affiliates. Thus, it is enforceable by and binding on CES, a Westinghouse affiliate.

The Settlement Agreement resolved claims relating to a complaint Gray and other welders made to the Arizona Department of Occupational Safety and Health after they were terminated for "refus[ing] to work due to a disagreement over working conditions which [these employees] judged to be unsafe." Dkt. No. 6 ¶ 12. One term of the Settlement Agreement provided that "[e]ach of the Welders is eligible for rehire with PCI. However, nothing contained in this Settlement Agreement or otherwise requires PCI to rehire any of the Welders." *Id.* ¶ 16.

CES answered the amended complaint denying that any contract of employment was formed between CES and Gray. It also maintained that any contract which was formed would have been terminable at will. Dkt. No. 10 at 6 (fourth defense).

In addition, CES asserted a counterclaim for Gray's breach of the confidentiality terms of the Settlement Agreement. This counterclaim was based, in part, on Gary's description of the earlier dispute and quotation of the Settlement Agreement in his complaint in this action. Dkt. No. 10 at 9-10 (counterclaim). CES characterized the inclusion of these references as "wholly irrelevant to Gray's claim for the alleged breach of a supposed oral 'contract' for employment." *Id.* at 10 (counterclaim ¶ 12). In addition, CES included a defense challenging venue. *Id.* at 8 (thirteenth defense).

Following the close of discovery, CES moved for summary judgment. In addressing this motion, the court concluded that Gray had proffered sufficient evidence to present a jury issue as to whether a contract of employment was formed between CES and himself. The court, nonetheless, concluded that any such contract was, as a matter of law, terminable at will. In addressing Gray's arguments for a limitation on CES's right to terminate the alleged oral contract, the court concluded as follows:

As clarified by these statements, Gray's claim is not so much one for violation of his alleged employment contract with CES, as it is a claim for violation of the earlier Settlement Agreement. The essence of this claim is that CES (together with other WEC entities), secretly prohibited Gray's rehiring, despite promising that he was eligible for rehire. *See, e.g.*, Dkt. No. 63-1 at 13 (referring to the promise as "just window dressing" and stating that "PCI and [WEC] never meant it"); *id.* at 14 ("Gray has consistently testified that he was terminated from [CES] because he was black-balled by PCI, another Westinghouse corporation."). While inartfully pleaded, such a claim is fairly encompassed both by the factual allegations and legal theory advanced in the Amended Complaint. It is also supported by sufficient evidence to allow its presentation to the jury. The court, therefore, denies the motion for summary judgment as to Plaintiff's claim, but limits the claim as suggested above to a claim dependent on proof that the termination/failure to hire was a violation of the Settlement Agreement.

Opinion and Order on Summary Judgment at 7-8.

## MOTION FOR RECONSIDERATION
## OR ENFORCEMENT OF FORUM PROVISION

Through its present motion, CES seeks reconsideration of the summary judgment ruling, arguing that the court improperly allowed Gray to amend his complaint through his response to CES's summary judgment motion. It further argues that the Amended Complaint did not give fair notice of any claim dependent on proof of a breach of the Settlement Agreement and that Gray's other statements of his position (*e.g.* his Local Civil Rule 26.03 responses) suggested he was relying solely on his alleged oral contract with CES.

Based on these arguments, CES seeks a ruling that Gray is barred from any relief because the Amended Complaint only gives notice of a claim for breach of an oral contract, not of a claim which is dependent on proof of a breach of the written Settlement Agreement. Such a ruling would dispose of Gray's claim, leaving only CES's counterclaim for trial.

In the alternative, CES seeks a ruling that Gray's claim, as now clarified and limited, is dependent on the Settlement Agreement and, therefore, subject to the choice of law and forum

3

selection provisions of the Settlement Agreement. Thus, to the extent Gray is allowed to proceed with his suit as limited through this court's summary judgment ruling, CES argues the action should be transferred to the District of Arizona.[1]

**DISCUSSION**

**I.      Request for Reconsideration**

CES is correct that the *extent* of Gray's reliance on the Settlement Agreement was not clear from the Amended Complaint, and may not have been clear at any point prior to this court's ruling on the motion for summary judgment. This is because Gray relied largely on the theory that he had an enforceable oral contract independent of any rights under the Settlement Agreement. It was only with the court's summary judgment ruling that Gray was *limited* to a claim dependent on proof of the Settlement Agreement.

On the other hand, CES has at all times been on notice that the Settlement Agreement played some part in Gray's breach of contract claim. This is shown, most clearly, by Gray's quotation of the Settlement Agreement's rehire provision in both the Original and Amended Complaints. Discovery also suggested that Gray was relying, at least in part, on this provision of the Settlement Agreement.

Under these circumstances, the court finds that Gray has not been allowed to improperly amend his complaint through his memorandum in opposition to summary judgment. The court, therefore, denies the motion to reconsider.

───────────────

[1] The request for transfer is stated only as an alternative request. Thus, CES's motion cannot be interpreted as *also* seeking relief in the form of transfer of the counterclaim if the first form of relief (limitation of Gray's claim so that nothing remains for trial) is granted. CES does, however, suggest on reply that it is seeking transfer of the action even if only the counterclaim survives.

## II.     Request to Enforce Forum Selection and Choice of Law Provisions

As Gray's claims are now narrowed, they are clearly dependent on interpretation and enforcement of the Settlement Agreement.  Thus, absent waiver or some other obstacle to enforcement, CES is entitled to rely on the Settlement Agreement's choice of law and forum selection clauses.

Gray argues against enforcement on two related grounds.  First, he argues that a ruling in his favor on the motion for reconsideration (necessary before the court reaches this request for alternative relief) means CES "should have known" of the claim which is now allowed to proceed. Second, Gray argues that "Defendant waived the choice of law and forum provision when it filed its counterclaim and stated in its motion for summary judgment [that] 'the Settlement Agreement contained an Arizona choice of law and venue clause.'"

To accept Gray's position would be to reward him for what is, at the least, inartful pleading.[2] It was only through summary judgment and *this court's order* that the extent of his reliance on the Settlement Agreement became clear (through the court's rejection of any other theory).  Moreover, allowing CES to enforce the forum selection and choice of law provisions now that the Settlement Agreement is seen as central to Gray's claim works no unfairness.  In any event, CES preserved its venue argument by asserting it as a defense.  While CES might have made an earlier attempt to seek a change of venue, it did not act unreasonably in delaying this effort given that Gray's primary

---

[2] It is possible that, instead of being the result of "inartful pleading," Gray's complaints were the result of an artful attempt to gain the benefit of the Settlement Agreement's favorable terms while avoiding its choice of law and forum selection provisions.  In either event, Gray cannot complain  when he is required to take the bitter with the sweet.

argument through entry of the order on CES's motion for summary judgment focused on an alleged oral contract formed in South Carolina.

**CONCLUSION**

For the foregoing reasons, the court denies the motion to reconsider its earlier ruling which characterized Gray's claim as one for breach of the Settlement Agreement. The court does, however, grant the alternative relief requested because it finds that the Settlement Agreement's forum selection and choice of law provisions are applicable to Gray's claims as narrowed through summary judgment. This matter is, therefore, transferred to the United States District Court for the District of Arizona.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 26, 2010

---

[3] Only one other motion is presently pending in this matter. That motion was filed by Gray and seeks relief relating to a subpoena Defendant issued after the close of discovery. This court declines to address that motion but alerts the transferee court to its status as an open motion.