**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Gray, Sr., | No. CV-10-00698-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolina Energy Solutions, LLC, also d/b/a WEC Carolina Energy Solutions, | |
| Defendant. | |

Before the Court is Defendant's Motion for Attorneys' Fees and Non-taxable Costs. (Doc. 146). The nature of this case is stated in the Court's previous Findings of Fact, Conclusions of Law, and Order. (Doc. 144). After prevailing at the bench trial, Defendant moved for an award of attorneys' fees and non-taxable costs. (Doc. 146). Defendant seeks attorneys' fees in the amount of $260,803.00, non-taxable costs in the amount of $14,592.11, post-judgment interest pursuant to 28 U.S.C. § 1961(a), and fees and costs incurred in preparing the fee motions. (Doc. 156).

Pursuant to this Court's July 22, 2010 order (Doc. 151), Defendant has allocated its total fee request between those fees incurred defending against Plaintiff's claim for breach of oral contract, amounting to $100,757.50, and those fees incurred defending against Plaintiff's claim for breach of the Settlement Agreement, amounting to $160,045.50. (Doc. 154). Defendant also seeks reimbursement of costs in the amount of $14,592.11. Each

request will be addressed in turn below.

## I.     Fees and costs related to the breach of oral contract claim

Plaintiff originally commenced this action under a common law theory of breach of an oral contract. That claim was supplanted at the summary judgment stage with a claim for breach of a Settlement Agreement between Plaintiff and Defendant. The Settlement Agreement, entered on February 6, 2008, includes a fee-shifting provision that states:

> If any party commences litigation with respect to this Agreement, and if one of more parties clearly prevail in such litigation, then the prevailing party or parties shall be entitled to reimbursement from the non-prevailing party or parties of all reasonable legal fees and costs incurred in connection with such litigation. (Doc. 55).

The plain language of this fee-shifting provision makes clear that its mandatory fee award applies only to litigation commenced under the Settlement Agreement. Plaintiff's original claim was brought under a theory of breach of an oral contract, not for breach of the Settlement Agreement. Plaintiff's claim for breach of the Settlement Agreement arose only after the District of South Carolina court's February 4, 2010 order on summary judgment. Since the fee-shifting provision does not apply to any fees incurred prior to the South Carolina court's summary judgment order, as that litigation was not commenced with respect to the Settlement Agreement, an award of fees is not warranted on that basis.

Nor is an award of the fees incurred prior to the South Carolina court's summary judgment order appropriate under A.R.S. § 12-341.01. That statute provides for the discretionary award of reasonable attorney fees to the successful party in a "contested action arising out of a contract." A.R.S. § 12-341.01. The statute "does not create a presumption that a successful party is entitled to attorney's fees...[r]ather, the language is permissive, and leaves the awarding of attorney's fees to the discretion of the court." *Harris v. Superior Court of Arizona in and for County of Maricopa*, No. CV 02-0494-PHX-SMM, 2009 WL 775462, at *2 (D. Ariz. 2009) (citations omitted).

In determining whether an award of fees under A.R.S. § 12-341.01 is warranted, the Court can consider several factors: 1) whether the unsuccessful party's claims had merit; 2) whether the  successful party's efforts were completely superfluous in achieving that result;

- 2 -

1  3) whether assessing fees against the unsuccessful party would cause an extreme hardship;
2  4) whether the successful party prevailed on all claims for relief; 5) whether the legal
3  question was novel and had not previously been adjudicated in this jurisdiction; and 6)
4  whether the award would discourage other parties with tenable claims or defenses from
5  litigating or defending legitimate contract issues for fear of incurring liability for substantial
6  amounts of attorneys' fees. *See Newbery Corp. V. Fireman's Fund Ins. Co.*, 95 F.3d 1392,
7  1405-06 (9th Cir. 1996) (*citing Assoc. Indem. Corp. V. Warner*, 143 Ariz. 567, 570, 694 P.2d
8  1181, 1184 (1985)). While no one factor is determinative, "'[t]he weight given to any one
9  factor is within the Court's discretion.'" *Goldberg v. Pacific Indem. Co.*, No. CV 05-2670-
10 PHX-JAT, 2009 WL 1327528, at *2 (D. Ariz. 2009) (*citing Moedt v. Gen. Motors Corp.*, 204
11 Ariz. 100, 105, 60 P.3d 240, 245 (Ariz. App. Ct. 2002)).

12      Here, the Court is convinced that Arizona's attenuated connection to Plaintiff's
13 common law breach of oral contract claim warrants denying Defendant's request for the fees
14 incurred defending against that claim. Plaintiff's claim for breach of an oral contract was
15 raised and entirely disposed of in South Carolina, under South Carolina law, before the case
16 was transferred to Arizona. As all of the relevant issues to that claim were resolved before
17 Arizona was even contemplated as a venue for this litigation, it would be an onerous surprise
18 and an undue hardship on Plaintiff for the Court to impose an award pursuant to Arizona law
19 for fees incurred defending the breach of an oral contract claim.

20      Since the Court finds no other basis for awarding the fees incurred litigating the
21 breach of oral contract claim, Defendant's request for fees incurred prior to the South
22 Carolina court's summary judgment order, totaling $100,757.50, is denied. Defendant's
23 motion for costs prior to the February 4, 2010 order, totaling $2,725.25 is similarly denied.

24      **II.     Fees and costs related to the breach of Settlement Agreement claim**

25      Once Plaintiff's claim was recast by the South Carolina court and pursued by Plaintiff
26 as arising under the Settlement Agreement, an award of Defendant's subsequently incurred
27 fees is mandated by the Settlement Agreement. Where a contract provides for an award of
28 fees to the prevailing party, Arizona law requires the Court to honor that provision and award

1  fees as stipulated in the agreement. *See Dorn v. Robinson,* 158 Ariz. 279, 287, 762 P.2d 566,
2  574 (Ariz. App. Ct. 1988) (awarding successful litigant attorneys' fees where they were
3  provided for by contract); *Gametech Int'l, Inc. v. Trend Gaming Sys., LLC*, 380 F. Supp. 2d
4  1084 (D. Ariz. 2005) (allowing recovery of attorney's fees pursuant to fee-shifting
5  agreement). Here, the Settlement Agreement states that the prevailing party "shall be
6  entitled to reimbursement from the non-prevailing party or parties of all reasonable legal fees
7  and costs incurred in connection with such litigation." (Doc. 55). Accordingly, fees and costs
8  incurred by Defendant after the South Carolina court's summary judgment order are
9  governed by the Settlement Agreement's fee-shifting provision and will be awarded.

10  While the Court must, pursuant to the fee-shifting provision, award fees incurred
11  during litigation arising under the Settlement Agreement, the Court always maintains
12  discretion to assess the reasonableness of the amount requested when determining the
13  ultimate amount to be awarded. Here, Defendant claims a lodestar figure of $260,803.00.
14  Of this figure, $160,045.50 is claimed as fees arising under the Settlement Agreement.
15  Defendant's submitted table of non-taxable costs (Doc. 154) shows further costs incurred for
16  litigation arising under the Settlement Agreement. The Court finds the total requested award
17  to be excessive, and will reduce the award to $60,000.00 for the reasons stated below.

18  Defendant's motion to transfer venue to Arizona served no purpose but to increase the
19  expense of this litigation for both sides. Defendant's motion to change venue was not
20  mandatory; rather, it was a matter wholly within Defendant's choice unless Plaintiff sought
21  change in venue, which he did not. The choice to seek a change in venue was unreasonable
22  in the circumstances, as the case was already prepared and scheduled for trial in South
23  Carolina within one month of when Defendant moved to change venue. (Doc. 54, 83). Since
24  the Court finds that Defendant's choice to seek a change of venue so close to the scheduled
25  South Carolina trial date was unreasonable, all attorney fees and expenses occasioned by the
26  transfer will be excluded from the fee award. This includes all of the fees and costs billed
27  by the local Arizona attorneys, fees billed by the North Carolina attorneys for obtaining the
28  change of venue, *pro hac vice* admission-related billings, correspondence with local counsel,

1 travel time, and all of the expenses and costs related to the travel.  This amounts to a total
2 $44,754.53 reduction of the requested award.

3       Even with this reduction, the requested reward remains unreasonable.  With the
4 discovery concluded before the motion to transfer venue to Arizona, Defendant's fee request
5 far exceeds a reasonable sum for the work that remained to be done: preparing a final pretrial
6 order, trial brief, witness preparation, and conducting the trial.  Giving allowance for the
7 uncertainty inherent in judging reasonable attorneys' fees, the Court comfortably concludes
8 that a fee of $60,000.00 is as much as is reasonable for the compensable work and non-
9 taxable expenses in this case.

10       IT IS ORDERED that  Defendant's Motion for Attorneys' Fees and Non-taxable
11 Costs (Doc. 146) is granted in the amount of $60,000.00.

12       IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendant
13 Carolina Energy Solutions, LLC, against Plaintiff Jerry Gray, Sr., in the amount of
14 $60,000.00, plus interest at the federal judgment rate from the time of entry judgment until
15 paid.

16       DATED this 21st day of October, 2010.

_____
Neil V. Wake
United States District Judge